UNITED STATES of America

v.

Jermaine BONEY.

Criminal No. 89–381 SSH.

United States District Court,
District of Columbia.

Oct. 17, 1996.

Barbara McDowell, Jones; Day, Reavis & Pogue, Washington, DC, for Jermaine Boney.

Noel Ann Brennan, U.S. Attorney's Office, Civil Division, Washington, DC, for U.S.

### MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

At the conclusion of the trial in this case, the jury was asked to return six unanimous

verdicts. It did so; three were "guilty"; three were "not guilty."

On the first appeal, the Court of Appeals affirmed on all issues except the one arising from the fact that the foreman of the jury had concealed the fact that he had been convicted of a felony. *United States v. Boney*, 977 F.2d 624 (D.C.Cir.1992) (*Boney I*). This Court was directed to hold a hearing "to determine whether the juror's failure to disclose his felon status resulted in actual bias to the appellants." 971 F.2d at 635.

It held such a hearing on June 27, 1994. By Order dated August 18, 1994, this Court issued its findings and conclusions on remand. It was stated in part:

> The Court found [the juror] Jones to be a very credible witness. Nothing in the record even hints that Jones's motivation for not disclosing his felony status was related to actual bias towards the defendants. Nor was it related to any other aspect of the case. [P. 3.]

In the ultimate ordering paragraph, the Court concluded "that Jones's unwillingness to disclose his felony status did not result from, or in, actual bias to the defendants."

That ruling was appealed by defendant Boney (but not by defendant Holoman, who thus is no longer a party).[1] A wholly different panel of the Court of Appeals was assigned to the second appeal. That panel issued its opinion on October 20, 1995. *United States v. Boney*, 68 F.3d 497 (D.C.Cir. 1995) (*Boney II*). Although the first panel had directed a hearing into actual bias, the *Boney II* panel shifted the standards quite dramatically, concluding that the objective of its review was to determine whether "the hearing was adequate to reveal any potential bias that might have tainted the verdict." 68 F.3d at 501.

The *Boney II* panel concluded that this Court's efforts on the first remand constituted "a useless exercise." 68 F.3d at 502. The panel apparently elevated the general appellate review provisions of 28 U.S.C. § 2106 over such laws as Rules 606(b) and 611 of the Federal Rules of Evidence, as interpreted by uncited cases such as *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987).[2] The case was remanded again, with directions, *inter alia*, that "counsel for both sides should be permitted to conduct the direct and cross-examination of the juror." 68 F.3d at 503.

After some delays, the second hearing on remand was scheduled for today. Several days ago, this Court began to write an opinion in which it intended to raise certain concerns which it would like to have counsel address at the start of the hearing. These included (1) how could a significantly different standard be applied by the second panel than was ordered by the first; (2) what is "potential" or "possible" bias; (3) how could the trial court's Rule 611 "control over the mode ... of interrogating witnesses" be taken away; and (4) how could the questioning desired by the *Boney II* panel be engaged in without violating Rule 606(b) and *Tanner?*[3]

The more this Court wrote, the more this Court analyzed the present posture of the case, and the more the Court evaluated the meaning of the oath it took to support the laws of the United States, the more this judge was led inexorably to the conclusion that he no longer should preside over this case. The parties have been notified of the cancellation of today's hearing; the undersigned hereby recuses himself; and the case shall be randomly assigned to another judge.

SO ORDERED.

---

1. Both defendants long since have completed service of their sentences.

2. At oral argument, the author of the *Boney II* opinion stated in part: "I don't see how [Rule] 606 in any way helps you given our remedial authority to do what's right. That has to override 606 in this context."

3. The precise procedure followed, and the result reached, by this Court in this case were readily affirmed by the Court of Appeals just three months ago in *United States v. Williams–Davis*, 90 F.3d 490 (D.C.Cir.1996). *See also United States v. North*, 910 F.2d 843 (D.C.Cir.1990); *United States v. Boylan*, 898 F.2d 230 (1st Cir. 1990).